UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JODIE COLLINS III,

    *Plaintiff*,

v.                                             Case No. 5:25-CV-00993-JKP

SAN ANTONIO DODGE CHRYSLER
JEEP RAM,

    *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant San Antonio Dodge Chrysler Jeep Ram's (the "Dealership") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (*ECF No. 16*). Plaintiff Jodie Collins III filed a Response, (*ECF No. 17*). Upon consideration, the Dealership's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted.

## BACKGROUND

As alleged, this case arises out of Plaintiff Jodie Collins III's ("Collins") application for financing of a 2025 Ram 2500 Laramie. *ECF No. 14 at 2*. The scant facts, taken from Collins' Amended Complaint and in the light most favorable to him, are reproduced here:

> 1. On September 23, 2024, Plaintiff applied for financing of a **2025 Ram 2500 Laramie** and submitted an application and tender of consideration backed by his trust estate. See Exs. A-B, I, L-M.
>
> 2. Defendant refused to provide a paper application and required electronic-only submission. See Exs. A, I.
>
> 3. Defendant immediately issued a denial letter (Ex. K) instead of properly processing the application and tender.

> 4. The denial letter merely referenced "insufficient credit" and did not state specific reasons, as ECOA and Regulation B require.
>
> 5. Defendant treated Plaintiff as lacking contractual capacity, effectively as a minor, constituting **age discrimination** prohibited by ECOA.
>
> 6. Plaintiff issued multiple notices and a Conditional Offer to Cure (Exs. D-E), all ignored by Defendant.
>
> 7. Defendant's actions caused Plaintiff damages including economic loss, reputational harm, credit harm, and emotional distress.

*Id.* (emphasis in original). Based on these allegations, Collins asserts six (6) causes of action against Defendant San Antonio Dodge Chrysler Jeep Ram (the "Dealership"):

1) Breach of Contract;

2) Violation of the Equal Credit Opportunity Act ("ECOA");

3) Violation of the Uniform Commercial Code;

4) Violation of the Texas Deceptive Trade Practices Act ("DTPA");

5) Equitable Relief; and

6) Unjust Enrichment.

*ECF No. 14 at 3–5*. The Dealership now moves to dismiss Collins' Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. *See, generally*, ECF No. 16.

## LEGAL STANDARD

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555–

558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8.

To warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D. Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996). When reviewing the complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones*, 188 F.3d at 324).

A Complaint should only be dismissed under Rule 12(b)(6) after affording ample opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena*, 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to

3

amend the Complaint. *Hitt*, 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds the plaintiff alleged his best case or if amendment would be futile. *Foman*, 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## ANALYSIS

The Court first notes for any reviewing court that the instant case comes on the heels of five previous cases, all filed by Collins, being dismissed by this Court and others in the Western District of Texas for failure to state a claim. *See, e.g.*, *Collins v. North Park Lexus of San Antonio*, 5:24-CV-01409, at *ECF No. 14*; *Collins v. M&T Bank et al.*, 5:24-cv-01074, at *ECF No. 27*; *Collins v. Westlake Financial Services*, 5:25-CV-00021, at *ECF No. 21*; *Collins v. Chase Bank*, 5:25-CV-00089, at *ECF No. 20*; *Collins v. American Auto Brokers*, 5:25-CV-00253, at *ECF No. 10*.

The Court further notes that, in addition to the instant case, Collins' currently pending cases before the Western District of Texas also include *Collins v. Toyota Motor Credit Corporation*, 5:25-CV-01179, and *Collins v. BMW Financial Services NA, LLC et al.*, 5:25-CV-001249.

### I.  Breach of Contract

On August 15, 2025, U.S. District Judge Xavier Rodriguez enjoined Collins from filing any new lawsuits purporting to rely on a legally frivolous "bill of exchange" theory or any similar theory that purports to obtain goods, property, or credit without paying any money, against any defendants. *See* 5:25-CV-00089, at *ECF No. 20*.

In that prior order, Judge Rodriguez considered the same "Notice of Claim to Interest" that Plaintiff relies upon in the case at hand. *Compare* 5:25-CV-00089, at *ECF No. 16-1*, *with* 5:25-CV-00993, at *ECF No. 14 at 11*. Judge Rodriguez found that this document was merely a repackaged "bill of exchange" and thus advanced the same meritless theory as before.

While Collins claims to not be relying on a "bill of exchange" theory here, as Collins also claimed in 5:25-CV-00089, the Court again finds the "Notice of Claim of Interest" (and other documents Collins purports to serve as some type of negotiable instrument in lieu of legal tender) to be a retooled "bill of exchange."

Collins therefore fails to state a cause of action for breach of contract, which requires, to start, a valid contract and that plaintiff tendered performance. *See West v. Trible B Servs., LLP*, 264 S.W.3d 440, 446 (Tex. App.—Houston [14th Dist.] 2008). Collins does not point to any valid contract, nor does Collins point to any tender of performance (i.e., putting legal tender in the bank to debt for written checks).

Accordingly, in this regard, the Dealership's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (*ECF No. 16*), shall be granted.

## II.    Violation of the Equal Credit Opportunity Act ("ECOA")

The Equal Credit Opportunity Act ("ECOA") is a consumer protection statute intended to prevent discrimination in the extension of credit. 15 U.S.C. § 1691. The ECOA states that:

> It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract).

15 U.S.C. § 1691(a)(1). To state a claim for credit discrimination under the ECOA, the complaint must plausibly allege that (1) plaintiff was an "applicant"; (2) the defendant was a "creditor"; and (3) the defendant discriminated against the plaintiff with respect to any aspect of a credit transaction on the basis of the plaintiff's membership in a protected class. *Alexander v. AmeriPro Funding, Incorporated*, 848 F.3d 698, 705 (5th Cir. 2017).

15 U.S.C. § 1691(d)(2)(A) requires creditors to "provid[e] statements of reasons in writing . . . to applicants against whom adverse action is taken." The ECOA's requirement to provide

5

a statement of reasons "discourages discrimination and . . . educates consumers as to the deficiencies in their credit status." *Treadway v. Gateway Chevrolet Oldsmobile, Inc.*, 362 F.3d 971, 977 (7th Cir. 2004). Nonetheless, the statement of reasons need not be personally detailed or lengthy. *See O'Dowd v. South Cent. Bell.*, 729 F.2d 347, 352 (5th Cir. 1984) (holding that defendant telephone company's request to plaintiff consumer for a $100 deposit "due to [plaintiff's] past payment record" satisfied the ECOA because plaintiff was sufficiently informed of the specific reason for the deposit request). A short statement may suffice "so long as it reasonably indicates the reasons for adverse action." *Id.*[1]

Liberally construing Collins' allegations in the Amended Complaint as true, the Dealership is correct that Collins has failed to state a claim. *See ECF No. 14 at 3–4; ECF No. 16 at 7–8*. In the Amended Complaint, related to this cause of action, Collins states only:

> **COUNT II – ECOA (Adverse Action Notice + Age Discrimination)**
>
> **Conclusion:** Defendant violated ECOA by failing to provide a specific adverse action notice and by discriminating based on age/capacity.
>
> **Rule:**
> - 15 U.S.C. § 1691(d)(2); 12 C.F.R. § 1002.9(b)(2): must state **specific reasons**.
> - *Stoyanovich v. Fine Art Capital LLC*, 2007 WL 2363656: generic reasons insufficient.
> - *Treadway v. Gateway Chevrolet*, 362 F.3d 971: auto dealers are "creditors."
> - *Tyson v. Sterling Rental, Inc.*, 836 F.3d 571: ECOA applies to auto dealers.
> - 15 U.S.C. § 1691(a)(1): prohibits age-based discrimination.
>
> **Application:**
> - Dealer = creditor under ECOA.
> - Denial letter (Ex. K) cited only "insufficient credit" with no specifics → violation.
> - Plaintiff had full capacity as Trustee; treating him as lacking capacity = age discrimination.
>
> **Conclusion:** Plaintiff states a valid ECOA claim.

---

[1] *See also also* [text obscured] boilerplate langu[age] [text obscured] dant credit union's cation did not v[iolate] [text obscured] aintiff's loan application […] *PNC Bank, N.A*[…] [text obscured] of loans); *Wigod v.* [text obscured] it obligations" s[…] [text obscured] nt to support credit […] bureau report/d[…] [text obscured] 36) (finding "credit 2226049, at *5-[…] [text obscured] 6-6414, 2019 WL […] f [t]ime [a]ccounts [h]ave [b]een [e]stablished" sufficient); *Aikens v. Nw. Dodge, Inc.*, No. 03 C 7956, 2006 WL 59408, at *3–4 (N.D. Ill. Jan. 5, 2006) (finding "excessive credit obligations and credit file" sufficient).

*ECF No. 14 at 4–5*. Collins therefore fails to allege sufficient facts to support an ECOA claim.

First, as to 15 U.S.C. § 1691(a)(1), Collins' allegations that the dealership discriminated against Collins "based on age/capacity" are wholly conclusory. *ECF No. 14 at 4–5*

Second, regarding 15 U.S.C. § 1691(d)(2)(A), while Collins' Amended Complaint states the Dealership denied Collins' application for credit due to "insufficient credit," the Denial Letter points to more reasons than that. *ECF No. 14 at 5*. The Denial Letter, which Collins attaches to the Amended Complaint, states the Dealership denied Collins' application for credit due to following reasons:

> Serious delinquency and public record or collection filed
> Ratio of balance to limit on bank revolving or other rev accts too high
> Time since delinquency is too recent or unknown
> Proportion of loan balances to loan amounts is too high

*ECF No. 14 at 42*.

The regulations issued by the Board of Governors of the Federal Reserve System and by the Consumer Financial Protection Bureau (the "CFPB") state that the "statement of reasons," required by 15 U.S.C. § 1691(d)(2)(A), "must be specific and indicate the principal reason(s) for the adverse action." 12 C.F.R. § 202.9(b)(2); 12 C.F.R. § 1002.9(b)(2).

Both bodies provide sample notification forms "intended for use in notifying an applicant that adverse action has been taken on an application." 12 C.F.R. pt. 202, App. C; 12 C.F.R. pt. 1002, App. C. A creditor "may . . . use all or a portion of the [sample] forms" to satisfy its notification requirements. 12 C.F.R. pt. 202, App. C; 12 C.F.R. pt. 1002, App. C.

Approved principal reasons for taking adverse action, among others, included in the sample forms are: "[d]elinquent past or present credit obligations with others"; "[c]ollection action or attachment"; and "[i]ncome insufficient for amount of credit requested." 12 C.F.R. pt. 202, App. C, Form C-1; 12 C.F.R. pt. 1002, App. C, Form C-1. These correspond to these reasons listed in the Denial Letter for denying Collins' application for credit. *See ECF No. 14 at 42; e.g., Barat v. Navy Fed. Credit Union*, 127 F.4th 833, 835–837 (11th Cir. 2025). Thus, the Dealership's use of these approved reasons in its Denial Letter did not violate 15 U.S.C. § 1691(d)(2)(A).

Accordingly, in this regard, the Dealership's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (*ECF No. 16*), shall also be granted.

### III.   Violation of the Uniform Commercial Code

Because this cause of action for violation of the Uniform Commercial Code is also premised on a valid tender of payment, the Court need not address it individually. *E.g.*, *Collins v. Am. Auto Brokers*, No. SA-25-CV-00253, 2025 WL 2684311, at *3 (W.D. Tex. Apr. 30, 2025); *Collins v. Chase Bank, N.A.*, No. SA-25-CV-00089, 2025 WL 2612738, at *4 (W.D. Tex. Aug. 15, 2025). The Court already determined the documents that Collins submitted to the Dealership did not constitute legal tender. Collins has thus failed to state a claim upon which relief can be granted under any theory of liability. *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D. Tex. 1998) (dismissal 'can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory')."

Accordingly, in this regard, the Dealership's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (*ECF No. 16*), shall also be granted.

### IV.   Violation of the Texas Deceptive Trade Practices Act ("DTPA")

The DTPA creates a cause of action for "failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed[.]" Tex. Bus. & Com. Code § 17.46(b)(24).

To state a DTPA action for failure to disclose, a plaintiff must plausibly allege (1) a failure to disclose, (2) which was known at the time of the transaction, (3) which was intended to induce the plaintiff into a transaction, and (4) that the plaintiff otherwise would not have entered the transaction if the information had been disclosed. *See Hudspeth v. Enter. Life Ins. Co.*, 358 S.W.3d 373, 388 (Tex. App.—Houston [1st Dist.] 2011, no pet.). "To be actionable under the DTPA, 'a failure to disclose material information necessarily requires that the defendant have known the information and have failed to bring it to the plaintiff's attention.'" *Washington v. U.S. Dept. of Hous. & Urban Dev.*, 953 F. Supp. 762, 777 (N.D. Tex. 1996) (quoting *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 479 (Tex. 1995)); *see also* Tex. Bus. & Com. Code Ann. § 17.46(b)(24) (stating that it is unlawful to fail to "disclose information concerning goods or services which was known at the time of the transaction").

Liberally construing Collins' allegations in the Amended Complaint as true, the Dealership is correct that Collins has failed to state a claim. *See* ECF No. 14 at 4–5; ECF No. 16 at 9–10. In the Amended Complaint, related to this cause of action, Collins states only:

> **COUNT IV – Texas DTPA**
>
> **Conclusion:** Defendant engaged in deceptive acts by failing to disclose material rights.
>
> **Rule:** Tex. Bus. & Com. Code § 17.46(b)(24): nondisclosure intended to induce reliance = deceptive.
>
> **Application:**
> - Defendant failed to disclose rights under ECOA, duties under contract law, and concealed paper-application option.
> - Plaintiff relied on omissions and proceeded electronically.
> - Plaintiff would not have entered transaction but for nondisclosures.
>
> **Conclusion:** Valid DTPA claim.

*ECF No. 14 at 4–5*. Collins therefore fails to allege sufficient facts to support a DTPA non-disclosure claim. Collins does not allege what material rights the Dealership failed to disclose, nor does he allege facts indicating the Dealership was aware, at the time of the transaction, of facts it failed to disclose. *Id*. The Court, therefore, dismisses this claim.

Accordingly, in this regard, the Dealership's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (*ECF No. 16*), shall also be granted.

**V.    Equitable Relief**

Equitable relief is not a cause of action; it is a type of remedy. *See U.S. v. Smelser*, 87 F.2d 799, 801 (5th Cir. 1937) (stating "[c]auses of action should be distinguished from remedies. One precedes and gives rise to the other, but they are separate and distinct"); *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, No. 3:04-CV-01344, 2005 WL 3148284 at *1 n.2 (N.D. Tex. Nov. 21, 2005) (noting "[a]dditionally, AMS asserts counts for attorney's fees and injunctive relief, which are remedies rather than causes of action").

Liberally construing Collins' allegations in the Amended Complaint as true, the Dealership is correct that Collins has failed to state a claim. *See ECF No. 14 at 5; ECF No. 16 at 10*. In the Amended Complaint, related to this cause of action, Collins states only:

> **COUNT V – Equitable Relief**
> - Legal damages inadequate.
> - Vehicle/terms unique.
> - Specific performance and injunction warranted.

*ECF No. 14 at 5*. The Court, therefore, dismisses this claim.

Accordingly, in this regard, the Dealership's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (*ECF No. 16*), shall also be granted.

## VI. Unjust Enrichment

Texas law is not completely clear whether an independent and generally applicable cause of action for unjust enrichment exists. Some courts, including the Texas Supreme Court and the Fifth Circuit, have acknowledged such claims. *See, e.g., Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 550 (5th Cir. 2010); *Elledge v. Friberg–Cooper Water Supply Corp.,* 240 S.W.3d 869, 870 (Tex. 2007); *Pepi Corp. v. Galliford,* 254 S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("Unjust enrichment is an independent cause of action.").

Whether unjust enrichment is characterized as a cause of action or a theory of recovery, the elements are clear. Unjust enrichment is an implied-contract basis for requiring restitution when it would be unjust to retain benefits received. *Walker v. Cotter Props., Inc.,* 181 S.W.3d 895, 900 (Tex. App.—Dallas 2006, no pet.). Unjust enrichment allows recovery "when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. City of Corpus Christi,* 832 S.W.2d 39, 41 (Tex. 1992). It is "based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted." *In re Kellogg Brown & Root, Inc.,* 166 S.W.3d 732, 740 (Tex. 2005) (internal quotation marks omitted).

However, unjust enrichment is not a proper remedy merely because it "might appear expedient or generally fair that some recompense be afforded for an unfortunate loss" to the claimant, or because the benefits to the party sought to be charged amount to a windfall. *Heldenfels Bros.,* 832 S.W.2d at 42. Unjust enrichment does not operate to rescue a party from the consequences of a bad bargain, and the enrichment of one party at the expense of the other is not un-

just if the parties have an express contract that permits it. *Burlington N. R.R. Co. v. Sw. Elec. Power Co.,* 925 S.W.2d 92, 97 (Tex. App.—Texarkana 1996), *aff'd,* 966 S.W.2d 467 (Tex. 1998).

"The simplest case of unjust enrichment liability is the mistaken payment. The plaintiff, thinking she owes the defendant $100, pays that amount, but in fact she does not owe anything. But the transfer takes effect as such, so that the defendant becomes the owner of the money."[2] Unjust enrichment includes a transfer to the defendant by the plaintiff, resulting in a material gain to the defendant and material loss by the plaintiff.

Liberally construing Collins' allegations in the Amended Complaint as true, the Dealership is correct that Collins has failed to state a claim. *See ECF No. 14 at 5; ECF No. 16 at 10–11*. In the Amended Complaint, related to this cause of action, Collins states only:

> **COUNT VI – Unjust Enrichment**
> - Defendant retained benefits from Plaintiff's application and tender without performance.
> - Equity requires restitution.

*ECF No. 14 at 5.*

Even assuming that an unjust enrichment claim is an independent cause of action, Collins has failed to articulate with sufficient particularity what acts of fraud, duress, or taking of undue advantage are alleged to have been committed by the Dealership. *See ECF No. 20 at 5–6; ECF No. 31 at 5–6; see also In re BJ Services, LLC,* No. 20-33627, 2023 WL 2311986, at *4 (Bankr. S.D. Tex. Mar. 1, 2023); *Garcia v. Bank of Am., N.A.*, No. 4:14-CV-02160, 2015 WL 12808271, at *2 (S.D. Tex. Mar. 23, 2015).

---

[2] Lionel Smith, *Restitution: The Heart of Corrective Justice,* 79 Tex. L. Rev. 2115, 2141 (2001) (footnote omitted).

Accordingly, in this regard, the Dealership's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (*ECF No. 16*), shall also be granted.

## CONCLUSION

For the reasons stated, Defendant San Antonio Dodge Chrysler Jeep Ram's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (*ECF No. 16*), is **GRANTED**. The Clerk of Court is therefore **DIRECTED** to close this case.

It is so ORDERED.
SIGNED this 10th day of November, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE