**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**JODIE COLLINS, III,**

    *Plaintiff,*

**v.**                              **Case No. 5:25-CV-00993-JKP**

**SAN ANTONIO DODGE CHRYSLER**
**JEEP RAM,**

    *Defendant.*

**ORDER**

Before the Court is  Plaintiff's Motion to Alter or Amend Judgment Under Rule 59(e). *ECF No. 20.* In the Motion, Plaintiff requests the Court revisit its November 10, 2025, Memorandum Opinion and Order granting Defendant's Motion to Dismiss for Failure to State a Claim. *See ECF No. 18.* Upon consideration, for the reasons stated below, the Motion is **DENIED**.

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012); *see* Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b). "If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59." *Id*. Here, Plaintiff filed the instant Motion fifteen (15) days after entry of the judgment, therefore the Court considers Plaintiff's Motion as arising under Rule 59(e). *See ECF No. 19.*

Although courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than parties represented by counsel," *Haase v. Country-wide Home Loans, Inc.*, 748 F.3d 624, 629 (5th Cir. 2014) (quoting *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam)), the Court denies the instant Motion because Plaintiff has not provided any adequate basis to alter or amend the Court's November 10, 2025, Memorandum Opinion and Order. *See ECF Nos. 18, 20.*

## I.    Rule 59(e) Does Not Warrant Reconsideration

Through Fed. R. Civ. P. 59(e), litigants may move "to alter or amend a judgment," so long as they do so within twenty-eight days of the entry of judgment. *Banister v. Davis*, 590 U.S. 504, 507 (2020). Rule 59(e) provides courts with an opportunity to remedy their "own mistakes in the period immediately following" their decisions. *See id.* at 508 (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). Given "that corrective function," courts generally use the rule "only to reconsider matters properly encompassed in a decision on the merits." *Id.* (omitting citation, internal quotation marks and brackets). While "courts may consider new arguments based on an 'intervening change in controlling law' and 'newly discovered or previously una-vailable evidence,'" they "will not address new arguments or evidence that the moving party could have raised before the decision issued." *Id.* at 508 & n.2.

A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *T. B. ex rel. Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1051 (5th Cir. 2020) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003)). Such a motion is for that "narrow purpose" only and courts "sparingly" use the "extraor-dinary remedy" to reconsider "a judgment after its entry." *Def. Distributed v. U.S. Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020) (citations omitted). Courts, nevertheless, "have 'considerable

discretion in deciding whether to reopen a case under Rule 59(e).'" *Id*. (quoting *Edward H. Bohlin Co. v. The Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)).

In the Court's November 10, 2025, Memorandum Opinion and Order, the Court noted U.S. District Judge Xavier Rodriguez previously enjoined Plaintiff, (*see* 5:25-CV-00089, at *ECF No. 20*), from filing any new lawsuits purporting to rely on a legally frivolous "bill of exchange" theory or any similar theory that purports to obtain goods, property, or credit without paying any money, against any defendants. *See ECF No. 18 at 4*. The Court also noted five cases filed by "Jodie Collins" in the Western District of Texas that were recently dismissed for failure to state a claim, including: 5:24-CV-01409; 5:24-CV-01074; 5:25-CV-00021; 5:25-CV-00089; and 5:25-CV-00253. *See id. at 4*. The Court finally noted that, in addition to the instant case, two other cases filed by "Jodie Collins" remained pending in the Western District of Texas, including: 5:25-CV-01179; and 5:25-CV-01249.

As a basis for reconsideration, Plaintiff claims the Court "misattributed" two of the cases listed above, 5:25-CV-00021 and 5:25-CV-01179, to Plaintiff when in fact those two cases were filed by Plaintiff's "father" and "son." *ECF No. 20 at 2, 14*. As stated above, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Bell*, 980 F.3d at 1051 (quoting *Rosenzweig*, 332 F.3d at 863–64).

Here, Plaintiff does not satisfy the requirements for obtaining relief under Rule 59(e). To the extent Plaintiff seeks as relief, "accept[ance] [of these] factual corrections," the Court accepts them. *ECF No. 20 at 4*. However, the instant Motion is otherwise denied because the Court's November 10, 2025, Memorandum Opinion and Order's analysis is based on the Federal Rule of Civil Procedure 12(b)(6) pleading standard. Thus, the "factual misapprehension" Plaintiff brings to the Court's attention is not material and does not demonstrate manifest error of fact.

As a second basis for reconsideration, Plaintiff claims the Court "misappl[ied] . . . the *Chase* injunction." *ECF No. 20 at 2*. As stated above, U.S. District Judge Xavier Rodriguez previously enjoined Plaintiff, (*see* 5:25-CV-00089,[1] at *ECF No. 20*), from filing any new lawsuits purporting to rely on a legally frivolous "bill of exchange" theory or any similar theory that purports to obtain goods, property, or credit without paying any money, against any defendants.

Here, again, Plaintiff does not satisfy the requirements for obtaining relief under Rule 59(e). In Plaintiff's Complaint and Amended Complaint, Plaintiff cites "Exhibit B" as the "Copy of negotiable tender" Plaintiff submitted in an effort to purchase a 2025 Ram 2500 Laramie. *See ECF Nos. 1 at 2, 1-3, 14 at 2*. While Plaintiff also attached a "Declaration of Trust" document to Plaintiff's Amended Complaint, the Amended Complaint still cites "Exhibit B" as the "Copy of negotiable tender." *See ECF No. 14-1*. The third page of "Exhibit B" is titled "Notice of Claim to Interest." *ECF No. 1-3 at 3*. The instant Motion is denied because, in the Court's November 10, 2025, Memorandum Opinion and Order, the Court noted "Judge Rodriguez considered th[is] same "Notice of Claim to Interest" that Plaintiff relies upon in the case at hand." *ECF No. 18 at 4* (comparing 5:25-CV-00089, at *ECF No. 16-1*, with 5:25-CV-00993, at *ECF No. 14 at 11*).[2] The Court therefore also finds Plaintiff does not demonstrate manifest error of law or fact in this regard.

## II.    Rule 60(b) Does Not Warrant Reconsideration

Alternatively, Plaintiff claims "corrections of factual error and injustice justify relief under Rule 60(b)(1), (2), and (6)." *ECF No. 20 at 3*. Because Plaintiff includes nothing beyond this conclusory statement, the Court therefore finds no occasion to address Plaintiff's basis for reconsideration under Rule 60(b).

---

[1] The case is styled *Collins v. Chase Bank*.
[2] The Court will take this opportunity to note the docket entry is accurately reflected as "5:25-CV-00993, at *ECF No. 1-3*."

### III.     Leave to Amend

"When a court enters a final judgment, a party may move to amend its complaint under Fed. R. Civ. P. 59(e) or 60 rather than under Fed. R. Civ. P. 15(a)." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 184 (5th Cir. 2018) (citing *Rosenzweig v. Azurix* Corp., 332 F.3d 854, 864 (5th Cir. 2003)). A post-judgment motion to amend a complaint may only be granted if a judgment is first vacated under Rule 59 or 60.[3]  Nevertheless, the analysis of a party's motion under Fed. R. Civ. P. 59(e) for leave to amend "'should be governed by the same considerations controlling the exercise of discretion under [Fed. R. Civ. P.] 15(a).'" *Allen*, 907 F.3d at 184 (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n. 1 (5th Cir. Nov.1981)).

Rule 15(a) evinces a bias in favor of amendment and requires that leave be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless there is a *substantial reason* to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

---

[3] *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000); *see also Rosenzweig*, 332 F.3d at 864 (citing 6 Charles Alan Wright, et al., Federal Practice and Procedure § 1489 (2d ed. 1990)) ("Most courts . . . have held that once a judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60."); *U.S. ex rel. Hebert v. Dizney*, 295 Fed. Appx. 717, 724 (5th Cir. 2008)(unpublished) (citing *Rosenzweig*, 332 F.3d at 865).

Here, Plaintiff already filed an Amended Complaint, (*ECF No. 14*), in this case and, now, Plaintiff's post-judgment, proposed Second Amended Complaint, (*ECF No. 20 at 6–11*), contains even less factual allegations as to the asserted causes of action. The Court therefore finds substantial reason to deny leave to amend exists because amendment is futile.

It is so ORDERED.
SIGNED this 18th day of February, 2026.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE

6